UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**THEODORE KUHLMAN, et. al,**

    **Plaintiffs**

    v.                                   Case No. 1:20–cv–00510
                                                    JUDGE DOUGLAS R. COLE

**MARY CAROLE MCDONNELL, et. al,**

    **Defendants.**

## OPINION AND ORDER

This cause is before the Court pursuant to Plaintiffs' Motion For Leave To Serve (Doc. 15). Plaintiffs seek permission for substitution of service of process on Defendant Mary Carole McDonnell, who they believe resides in the United Arab Emirates. To date, Plaintiffs have unsuccessfully attempted to locate McDonnell's address in Dubai. Accordingly, they seek to serve McDonnell via email under Federal Rule of Civil Procedure Rule 4(f).

In the wake of unexecuted summonses, (*see* Doc. 9, Summons Returned Unexecuted, #53), Plaintiffs request the Court to permit substitute service, which they believe is warranted. Asserting that McDonnell is residing somewhere in Dubai, based in part on her statements from email correspondences, (*see* Exhibit C., Doc. 15-4, #77), Plaintiffs contend Civil Rule of Civil Procedure Rule 4(f) applies to service here. That rule provides three avenues for serving an individual in a foreign county: (1) "by any internationally agreed means of service that is reasonably calculated to give notice;" (2) "if there is no internationally agreed means, or if an international

agreement allows but does not specify other means, by a method that is reasonably calculated to give notice;" and (3) "by other means not prohibited by international agreement, as the court orders." Under the first two categories, Rules 4(f)(1) and 4(f)(2), the Court first asks if an internationally agreed upon means of service exists for the country where the defendant allegedly resides. But the third option, Rule 4(f)(3), only demands determining if the requested means of substitute service is not prohibited by international agreement. Plaintiffs here contend that "there is no hierarchical order to the provision of Rule 4," which means that the Court would be free to permit substitute service under Rule 4(f)(3) without considering Rules 4(f)(1) and 4(f)(2) (i.e., without addressing the threshold question of whether the United Arab Emirates and the United States have an agreed upon means of service).

The Court agrees with Plaintiffs that Rule 4(f)(3) may, at least as a technicality, be invoked without first considering Rules 4(f)(1) and 4(f)(2). *Lexmark Int'l Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 260 (S.D. Ohio 2013) ("Notably, courts have consistently found that there is not a hierarchy among the subsections of Rule 4(f) … As such, a plaintiff is not required to first exhaust the methods contemplated by Rule 4(f)(1) and (2) before petitioning the Court for permission to use alternative means under Rule 4(f)(3).") (collecting cases). By citing *Lexmark*, Plaintiffs offer strong evidence that they can bypass Rules 4(f)(1) and 4(f)(2) and proceed under Rule 4(f)(3). That said, some caselaw does cut against Plaintiffs' position. *See, e.g. Midmark Corp. v. Janak Healthcare Private Ltd.,* No. 3:14-cv-088, 2014 WL 1764704, at *2 (S.D. Ohio, May 1, 2014) ("Federal Rule of Civil

2

Procedure 4(f)(3) … 'serves as a safety valve for unanticipated situations' … [and] should be viewed as a 'final effort to make service when other means have failed.'") (first quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1133 at 313 (3d ed. 2002), then *Marcantonio v. Primorsk Shipping Corp.*, 206 F. Supp. 2d 54, 58 (D. Mass. 2002)). Although this tension raises questions about best practices under Rule 4(f), the *Midmark* court did concede that service under Rule 4(f)(3) without regard to Rules 4(f)(1) or 4(f)(2) is "technically allowed." *Id.*

Mindful of the conflicting views about permitting a party to pass go and obtain substitute service under Rule 4(f)(3), the Court begins by considering which international agreement, if any, would apply here. To start, it appears that the United Arab Ermirates is not a party to the Hague Convention and the Court is not aware of any other international agreement that touches on methods of service in the United Arab Emirates. *See Nabulsi v. H.H. Sheikh Issa Bin Zayed Al Nahyan*, No. H-06-2683, 2007 WL 2964817, at *4 (S.D. Tex. Oct. 9, 2007). So, at minimum, serving McDonnell under Rule 4(f)(3) in the United Arab Emirates would not pose an issue under Federal Rule of Civil Procedure 4(f)(1), as there is no "internationally agreed method of service."

That leaves another potential pitfall: perhaps McDonnell has misled Plaintiffs about her location and is instead residing in a country that does have an internationally agreed upon service procedure, particularly a Hague signatory country. But that is not an intractable issue. For example, the Hague convention service requirements do not apply "where the address of the person to be served … is

3

not known." *Luxottica Grp. S.p.A. v. P'ships and Unincorporated Assocs. Identified on Schedule A*, 391 F. Supp. 3d 816, 822 (N.D. Ill. 2019). In those circumstances, the serving party need only "make reasonable diligent efforts to learn the defendant's mailing address." *Id.* And the Plaintiffs did that here by communicating with McDonnell and hiring an investigator in an attempt to discover her current address. All in all, any mystery about McDonnell's current country of residence does not derail Plaintiffs' request for substitute service under Rule 4(f)(3).

Still, Rule 4(f)(3) only permits service by "means not prohibited by international agreement," so there is a possibility McDonell might be residing in a country that prohibits international email service. *See id.* at 827. Even so, in a similar case, the Ninth Circuit upheld a district court's decision to allow substitute service via email on a defendant that the plaintiff suspected, but could not confirm, had an address in Costa Rica. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1013 (9th Cir. 2002). In that case, much like the one here, the party moving for service failed to present surefire evidence that defendant actually had a Costa Rica address or was residing in Costa Rica. But that shortcoming did not prevent the Ninth Circuit from upholding the lower court's grant of leave to serve, via email, a defendant residing in a foreign country under Rule 4(f)(3). Instead, the appellate court found that Rule 4(f)(3) "is neither 'a last resort' nor extraordinary relief'" and is "merely one means among several which enables service of process on an international defendant." *Id.* at 1015 (quoting *Forum Fin. Grp., LLC v. President & Fellows*, 199 F.R.D. 22, 23 (D. Me. 2001)). That means, under Rule 4(f)(3), the moving party "need[] only to

demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention" in the face of an "inability to serve an elusive international defendant, striving to evade service of process." *Id.* at 1016. Given this well-reasoned ruling, which is nearly identical to the scenario at hand, the Court concludes that Plaintiffs may proceed Under Federal Rule of Civil Procedure 4(f)(3).

Generally speaking, "there are only two requirements for service under Rule 4(f)(3), which are (1) it must be directed by the court, and (2) it must not be prohibited by international agreement." *Lexmark*, 291 F.R.D. at 174. Considering that Plaintiffs have asked permission before filing service and that, to the Court's knowledge, no international agreement prohibits service via email, the Court finds that Plaintiffs satisfy those elements.

One final hurdle remains—to satisfy Rule 4(f)(3), the "method of service of process must also comport with constitutional notions of due process." *Id.* That means that the substitute service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Considering that Plaintiffs have communicated with McDonnell via the very email address they seek to use for service, the Court has little doubt that serving McDonnell via email comports with due process. *See Lexmark*, 291 F.R.D. at 175 (permitting email service under Rule 4(f)(3) on international defendants with which plaintiff corresponded

5

using the same email address). Thus, the Court finds that Plaintiffs may serve McDonnell via email under Rule 4(f)(3).

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion For Leave To Serve (Doc. 15). It is **ORDERED** that Plaintiffs are authorized to serve McDonnell with the Summons and Complaint using McDonnell's known email address.

**SO ORDERED.**

January 29, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

6